

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JESSE GILMORE, ET AL | CIVIL ACTION NO. 06-1509 (LEAD) |
| --- | --- |
| | 06-1510 (MEMBER) |
| | 06-1511 (MEMBER) |
| | 06-1512 (MEMBER) |
| | 06-1632 (MEMBER) |
| | 06-1633 (MEMBER) |
| | 06-1634 (MEMBER) |
| versus | JUDGE TRIMBLE |
| RICHARD STALDER, ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is defendants' motion for reconsideration[1] wherein defendants ask this court to reconsider its prior ruling denying defendants' motions to dismiss or, in the alternative, for summary judgment[2] filed in each of these related cases. The court has received all requested briefs and, having considered them carefully, finds that defendants' motion for reconsideration should be DENIED. Defendants' motion also seeks, as an alternative remedy, certification of the court's prior ruling for appeal under 28 U.S.C. § 1292(b). For the reasons expressed herein, the court finds that this portion of defendants' motion should be GRANTED and that all proceedings in all above captioned cases should be STAYED pending review of certain issues

---

[1] R. 188.

[2] R. 181, 182.

1

by the United States Court of Appeals for the Fifth Circuit.

I.  **Background**

   *A.  Relevant Facts*

The court will not recite the facts of this entire case here, but directs the reader to prior rulings in the record for a full factual recitation.

On July 1, 2008 this court issued a memorandum ruling and order denying defendants' motions to dismiss or, in the alternative, for summary judgment.[3] Defendants filed the instant motion for reconsideration[4] on July 16, 2008, asking the court to reconsider its finding that plaintiffs had successfully rebutted defendants' affirmative defense of failure to exhaust by demonstrating that administrative remedies were unavailable. Defendants also argue that administrative remedies remain available to plaintiffs pursuant to Louisiana Administrative Code.[5]

On July 23, 2008 this court conducted a telephone pre-trial conference concerning all related cases[6] and orally denied defendants' motion for reconsideration as to its argument that plaintiffs admitted non-exhaustion and therefore dismissal was mandated. The court did not rule on the issue of continued availability of administrative remedies and instead directed the parties to submit briefs as to whether or not defendants waived this defense because they failed to assert it before their motion for reconsideration. The parties have submitted briefs on this issue as

---

[3] R. 181, 182.

[4] R. 188.

[5] R. 188-2 at p. 8, citing 22 LA ADC Pt. 1, § 325G1.

[6] Civil Action Nos. 06-1509, 06-1510, 06-1511, 06-1512, 06-1532, 06-1533 and 06-1534.

instructed and the court has carefully reviewed them.

The trial of this matter is currently set for Monday, September 22, 2008 in Alexandria, Louisiana before the undersigned. Two other related cases are set to be tried in the following weeks.[7]

B.  *Applicable Standards*

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend judgment must be filed no later than 10 days after the entry of the judgment." A timely filed motion for reconsideration renders the judgment at issue non-final until the court decides the issue of reconsideration.[8]

28 U.S.C. § 1292(b) allows a district court to certify an interlocutory order as appealable when it determines that the order

> "...involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation..."

Certification of an interlocutory order under Section 1292(b) does not stay the proceedings in the district court pending the outcome of the appeal unless such stay is expressly designated by the district court.[9]

---

[7] See R. 190.

[8] Simmons v. Reliance Standard Life Ins. Co. of Texas, 310 F.3d 865, 867 (5th Cir. 2002) citing United States v. Ibarra, 502 U.S. 1, 5 (1991).

[9] 28 U.S.C. § 1292(b).

3

## II. Law and Analysis

Defendants' motion for reconsideration urges this court to revisit its prior ruling denying defendants' motions to dismiss or for summary judgment. In the alternative, defendants' motion requests that this court certify that prior ruling for appeal under 28 U.S.C. § 1292(b). In support of their motion, defendants argue that administrative remedies remain available to plaintiffs and, accordingly, we should stay the proceedings in these related cases in order to allow plaintiffs to avail themselves of those remedies.[10] In support of their alternative request for remedy, defendants assert that several controlling questions of law exist as to which there is substantial ground for difference of opinion. Chief among these controlling questions are: (1) what procedural device and attendant standard of proof is required for the raising of the affirmative defense of exhaustion prior to trial, (2) whether or not plaintiffs are entitled to trial by jury on the issue of exhaustion of administrative remedies, and (3) whether defendants' admitted neglect of oral instructions concerning ARPs is excusable by virtue of the circumstances of this case, given that such instructions are required by the Louisiana Administrative Code.

### *Waiver of defenses*

In support of their motion for reconsideration, defendants assert that administrative remedies remain available to defendants, even at this late date, by virtue of 22 LA ADC Pt. I, § 325G1 which provides that inmates may request and receive an extension of time to file an ARP request "when circumstances warrant."[11] Plaintiffs allege that this is the first time defendants

---

[10] R. 188-2 at p. 5.

[11] Id., at p. 8.

4

have raised this argument and that, under Lincoln Gen. Ins. Co. v. De La Luz Garcia,[12] as well as other cited authority, this court should not consider an argument first raised in a motion for reconsideration.[13] Moreover, plaintiffs point out that defendants have argued the opposite: that it is no longer possible for plaintiffs to file a timely ARP request concerning the alleged events at Jena, in their previous motions to dismiss or for summary judgment and should not now be allowed to request a stay of these proceedings by arguing otherwise.[14]

Answering this waiver argument, defendants point out that this is only part of their overall affirmative defense of non-exhaustion which has been timely raised and considered by the court and that defendants have, in fact, noted that the administrative rule in question does provide for extensions of time when circumstances warrant.[15]

We have considered the issue and, while it is true as a matter of record that defendants timely asserted the affirmative defense of non-exhaustion, we must agree with plaintiffs that defendants have not specifically argued continued availability of administrative remedies in this case. We further agree that, given defendants' prior arguments asserting that timely ARP requests are no longer possible,[16] plaintiffs were not given appropriate notice of this defense

---

[12] 501 F.3d 436, 442 (5th Cir. 2007).

[13] R. 199 at pp. 2 - 3.

[14] R. 199 at p. 3.

[15] R. 193 at p. 4.

[16] See, for example, R. 136-2 at p. 8 ("Additionally, the filing deadline could have been waived if plaintiff had presented an untimely /sic/ request and circumstances warranted the delay.") and p. 10 ("Because he failed to exhaust his administrative [remedy] and timely filing is no longer possible, plaintiff's suit should be dismissed with prejudice."). As noted by plaintiffs, these arguments were made in each of the above captioned cases.

under Fed. R. Civ. P. 8(c). Not only is the last minute inclusion of this argument in defendants' motion for reconsideration procedurally improper, but we also find that it causes substantial prejudice to plaintiffs given the proximity of the trial dates in these cases. Accordingly, the court will not consider defendants argument in favor of a stay on the basis that administrative remedies remain available to plaintiffs. Thus, defendants' motion for reconsideration will be denied as to this argument.

### *Motion for certification pursuant to 28 U.S.C. § 1292(b)*

Plaintiffs assert that we have already denied defendants' motion for appellate certification under 28 U.S.C. § 1292(b), but the court did not reach this issue during the July 23rd telephone conference.

Defendants seek interlocutory appellate certification on the basis that several controlling issues of law have been adjudicated by this court, as to which there is substantial ground for difference of opinion and, moreover, no guidance from the Fifth Circuit. Having reviewed defendants' arguments in support of certification, we agree. The issues raised are important, both procedurally and substantively and deserve further consideration.

In addressing defendants' multiple identical motions to dismiss or for summary judgment,[17] we began by considering whether a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or a motion for summary judgment is the more appropriate procedural device whereby defendants should raise the affirmative defense of non-exhaustion. In support of their view that such defense may properly be asserted in a Rule 12(b)(1) motion to dismiss, defendants cited

---

[17]R. 136, 137, 138, 139, 140, 143, 144.

Priester v. Rich,[18] Wyatt v. Terhune,[19] and Villegas v. Buckley.[20] Defendants now add Pavey v. Conley,[21] the most recent circuit pronouncement on this issue.

In Wyatt v. Terhune, the Ninth Circuit Court of Appeals considered whether or not a motion for judgment asserting the affirmative defense of non-exhaustion is properly filed under Fed. R. Civ. P. 12(b) or as a motion for summary judgment. Recalling prior circuit jurisprudence in which it held that "failure to exhaust jurisdictional remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."[22] The court reasoned that summary judgment is a judgment on the merits, whereas "'dismissal of an action on the ground that failure to exhaust administrative remedies is not on the merits.'"[23] Moreover, the court stated, a district court may look beyond the pleadings and decide disputed issues of fact concerning the issue of exhaustion, dismissing the claim without prejudice when it finds plaintiff has failed to exhaust available administrative remedies.[24]

---

[18] 237 Fed. Appx. 429 (11th Cir. 2007).

[19] 315 F.3d 1108 (9th Cir. 2002).

[20] 2007 WL 3034449 (E.D. Cal. 2007).

[21] 528 F.3d 494 (7th Cir. 2008).

[22] Wyatt, 315 F.3d at 1119.

[23] Id., citing Heath v. Cleary, 708 F.2d 1376, 1380 n. 4 (9th Cir. 1983).

[24] Id., at p. 1120, citing Ritza v. Int'l. Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

In Priester v. Rich,[25] the Eleventh Circuit Court of Appeals, citing Wyatt v. Terhune and jurisprudence relied on by the Ninth Circuit therein, affirmed the district court's dismissal of plaintiff's claims without prejudice after acting as the fact finder in order to resolve fact issues concerning whether or not administrative remedies were "available" to plaintiff.

The U.S. District Court for the Eastern District of California, in Villegas v. Buckley, held that the U.S. Supreme Court's ruling in Jones v. Bock,[26] wherein the Court classified non-exhaustion as an affirmative defense, did not reach the issues central to Wyatt: the proper procedural device for this particular affirmative defense and whether or not the district court may or must act as the fact finder to resolve the issue of exhaustion before proceeding to trial. Accordingly, that district rejected the argument that Wyatt and cases following it were no longer good law based on Jones v. Bock.

The most recent pronouncement on the issues before us is Pavey v. Conley,[27] also cited by defendants as evidence that many circuits are now following the lead of Wyatt. Pavey, a Seventh Circuit ruling, rejected the Ninth Circuit's characterization of defendants' motion asserting the defense of non-exhaustion as an unenumerated Rule 12(b) motion and found justification, instead, in the policy behind the Prison Litigation Reform Act ("PLRA").[28] The court reasoned that, were district courts to abstain from fact finding on exhaustion issues and

---

[25] Plaintiff's case was consolidated with that of Gregory Bryant and, accordingly, the case is styled Bryant v. Rich under the citation listed.

[26] 549 U.S. 199 (2007).

[27] 528 F.3d 494 (7th Cir. 2008).

[28] Id.

8

forward them to a jury, the purpose of the PLRA would be frustrated because it would then be possible to go through an entire jury trial only to have the jury find that the plaintiff did not exhaust all available administrative remedies.[29] The court also delved into how district courts should deal with fact questions which pertain to both exhaustion and the merits, finding that it is proper for the court to decide such fact issues within the scope of exhaustion. If the plaintiff demonstrates exhaustion and moves to trial, it would then be appropriate, said the court, for the jury to re-examine those common fact issues within the scope of the merits.[30] Finally, the court instructed district courts, in cases where the defense of non-exhaustion is raised, to allow limited discovery on the issue of exhaustion and conduct a preliminary hearing in order to resolve that issue before proceeding to trial.[31]

In response to these cited authorities, plaintiffs pointed to Gonzales v. Smith,[32] in which the U.S. District Court for the Eastern District of Louisiana adopted the report and recommendation of the magistrate judge and denied defendants' motion for summary judgment on the issue of exhaustion. Plaintiffs argue that this ruling evidences the Fifth Circuit's departure from its brethren in the circuits discussed above. This court has rejected this conclusion on the basis that the Fifth Circuit, to our knowledge, has not reviewed Gonzales. We also found that this case did not reflect a Fifth Circuit guarantee of jury trial on exhaustion, but simply ruled on the motion before it, which happened to be a motion for summary judgment.

---

[29] Id., at p. 497

[30] Id.

[31] Id., at p. 498.

[32] 2007 WL 3046160 (E.D. La. 2007).

9

Although we did not agree with plaintiffs' characterization of Gonzales, we reached a similar result in the instant case. The court determined that plaintiffs had successfully demonstrated that no administrative remedies were "available" within the meaning of the PLRA and, thus, defendants were not entitled to judgment on the basis of the defense of non-exhaustion.

Without some guidance from the Fifth Circuit as to whether or not it will join the Seventh, Ninth and Eleventh Circuits in its treatment of dispositive motions raising this particular affirmative defense, this court finds that a trial on the merits is premature. The issues discussed above will materially impact the outcome of this case and circuit jurisprudence is relatively undeveloped, leaving substantial ground for reasonable minds to disagree. Accordingly, we find that an immediate appeal to the Fifth Circuit of our ruling denying defendants' motions to dismiss or, alternatively, for summary judgment is proper.

Defendants also seek immediate appeal of our finding that administrative remedies were "unavailable" to plaintiffs while they were temporarily incarcerated at Jena, Louisiana. Specifically, defendants assert that their admitted departure from the Louisiana Administrative Code, which requires that inmates be orally advised of the procedure for filing a grievance, does not render administrative remedies unavailable. Defendants also assert that any infringement on plaintiffs' rights which might have resulted was de minimis in light of the emergency circumstances of Hurricanes Katrina and Rita and the alleged availability of administrative remedies after plaintiffs' transfers from Jena to other facilities.

While the court remains unpersuaded by defendants' attempts to justify their admitted failure to orally instruct inmates of the proper grievance procedure at Jena, we find that

immediate appeal of this ruling is also proper, given defendants' expressed desire to pursue such an appeal. Judicial efficiency is best served by combining this issue with the procedural issues addressed above so that one appeal is taken and any future trial on the merits of these cases is not delayed longer than necessary.

The court is aware that the parties have contacted the magistrate judge in order to schedule a settlement conference in these cases. We believe that neither the evidence in this case, nor the positions of the parties will change as a result of our certification of appealability and therefore encourage the parties to pursue settlement insofar as is possible. If a settlement is confected, the parties on both sides will be spared the expenses of appeal.

## III. CONCLUSION

For the reasons expressed herein above, the court finds that defendants' motion for reconsideration based on the continued availability of administrative remedies should be denied. The court finds that immediate appellate review of the remaining issues discussed herein is appropriate under 28 U.S.C. § 1292(b) for the purpose of receiving guidance from the Fifth Circuit as to whether or not it will follow Wyatt and its progeny in its treatment of dispositive motions asserting the defense of non-exhaustion and, additionally, whether or not defendants' failure to orally instruct the inmates at Jena as provided in 22 LA ADC Pt. I, § 325G1 should result in a finding that administrative remedies were unavailable to them within the meaning of the PLRA. The court will, accordingly, issue an order certifying these issues for appeal.

Alexandria, Louisiana
September 8, 2008

/s/ James T. Trimble
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT

11